**In the Matter of Michael E. HALPIN, Respondent.**

**No. 45S00–1408–DI–559.**

Supreme Court of Indiana.

Nov. 10, 2015.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Sheila M. Moss, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional mis-

conduct and imposes discipline on Respondent.

**Facts:** In May 2012, a paternity action was filed in Tippecanoe County on behalf of a putative father ("Father"). In July 2012, an agreed order between Father and "Mother," establishing Father's paternity and setting forth custody and parenting time arrangements, was approved by the court. At the time, Father was represented by counsel and Mother was *pro se.*

Mother later hired Respondent, who filed a motion for change of venue to Lake County, where Mother resided. The court denied the motion. In several written communications between August 7, 2012 and April 12, 2013, Respondent accused Father's counsel of having arranged venue in Tippecanoe County by fraud, deceit, and trickery; of intentionally violating Mother's rights as a disabled person in refusing to transfer venue to Lake County; and in engaging in other unprofessional and unethical conduct. Respondent also wrote to Father's counsel, "[y]our possibly homophobic, racist, sexist clients should not be using the Courts to further that agenda." In some of these communications, Respondent threatened to file a disciplinary complaint against Father's counsel unless counsel would accede to Respondent's demands that venue be transferred to Lake County. Respondent also accused Father of having stolen money from his client and proposed that Respondent and Mother would not press criminal charges if opposing counsel would agree that the paternity case should be transferred to Lake County.

In April 2013, Respondent filed a motion to correct error in the paternity action with respect to the denial of Mother's motion for change of venue to Lake County. In the motion to correct error, Respondent accused the judge of taking a "stubbornly injudicious attitude" toward the court proceeding, and further accused the judge of "taking off on detours and frolics that ignore the fact that there are laws in Indiana that the court is supposed to follow and uphold." Respondent withdrew his appearance in the paternity case shortly thereafter.

The hearing officer found Respondent's lack of remorse as a fact in aggravation, and Respondent's lack of prior discipline as a fact in mitigation.

**Violations:** After a careful review of the parties' arguments and the evidence, the Court finds that Respondent violated Professional Conduct Rule 8.4(d) by engaging in conduct prejudicial to the administration of justice, and that Respondent failed to comply with Admission and Discipline Rule 22 (Oath of Attorneys) by acting in an offensive manner.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 60 days, without automatic reinstatement, beginning December 21, 2015.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.